IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUCK'S, INC., a Nebraska corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BUC-EE'S LTD., a Texas corporation,<br><br>　　　　　Defendant. | No. CV: _____<br><br>**COMPLAINT FOR UNFAIR COMPETITION, VIOLATION OF THE NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICE ACT AND FOR DECLARATORY JUDGMENT** |

Plaintiff, Buck's, Inc. ("Bucky's"), for its complaint against the Defendant Buc-ee's Ltd. ("Defendant"), states and alleges as follows:

**PARTIES AND JURISDICTION**

1.　This is an action for unfair competition, violation of the Nebraska Uniform Deceptive Trade Practice Act and for declaratory judgment.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367 and 2201.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (b).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.　Bucky's is a Nebraska corporation that maintains its principal place of business at 4973 Dodge Street, Omaha, Nebraska  68132.  Bucky's operates a chain of retail stores featuring convenience store items and gasoline that has expanded to approximately 200 locations located throughout the states of Nebraska, Iowa, Missouri, Illinois and Kansas.  Bucky's is actively seeking to expand into the state of Florida.

3. Bucky's currently operates approximately 50 retail stores featuring convenience store items and gasoline under the trademark BUCKY'S in the states of Nebraska, Iowa, Missouri and Illinois. Bucky's made first use of the BUCKY'S trademark in interstate commerce at least as early as May of 1982 at a retail store location in Omaha, Nebraska. Since it adopted the BUCKY'S trademark in May of 1982, Bucky's has sought to expand its chain of BUCKY'S retail stores throughout the midwestern United States and into national markets. Bucky's was established by Steve Buchanan who is also known in the community as BUCKY.

4. Upon information and belief, Defendant is a limited liability company organized under the laws of the state of Texas and maintains its principal place of business at 327 FM 2004, Lake Jackson, Texas 77566. Upon information and belief, all of the members of Defendant are residents and citizens of a state other than the state of Nebraska. Upon information and belief, Defendant is engaged in the business of retail store services featuring convenience store items and gasoline in a limited geographic territory in a southern portion of the state of Texas under the trademark BUC-EE'S.

## GENERAL ALLEGATIONS

5. Upon information and belief, Defendant has restricted its use of the BUC-EE'S trademark to a limited southern portion of the state of Texas but claims to own trademark rights throughout the United States. Defendant advertises and promotes its retail store services through a webpage that is accessible throughout the United States, including the state of Nebraska.

6. This Court has personal jurisdiction over Defendant because Defendant's wrongful conduct described herein has occurred, and is occurring, in interstate commerce within the District of Nebraska and elsewhere. Furthermore, Defendant's wrongful conduct has caused

harm to Bucky's in all states in which Bucky's currently conducts business under the BUCKY'S trademark, including the state of Nebraska.

7. Upon information and belief, Defendant has intentionally and willfully sought to impede Bucky's freedom to operate its business under its well-established BUCKY'S trademark both within the state of Nebraska, as well as in other states in the United States.

8. Upon information and belief, Defendant is a competitor of Bucky's and is seeking to inhibit Bucky's ability to operate its business both within the state of Nebraska, as well as in other states in the United States.

9. Upon information and belief, Defendant has attempted to cloud Bucky's title to its BUCKY'S trademark and such conduct has hampered Bucky's ability to operate its business both within the state of Nebraska, as well as in other states in the United States. Bucky's is entitled to use the trademark BUCKY'S in the operation of its convenience stores in the states of Nebraska, Iowa, Missouri and Illinois. It is also entitled to use that trademark is all areas that fall within its area of natural expansion including, but not limited to, the states surrounding those states and in the state of Florida. Without any basis in fact or in law, Defendant has sought to impeded Bucky's ability to operate its business under the trademark BUCKY'S and to hamper and impede Bucky's freedom to operate in those marketing territories.

10. Defendant expected or should have reasonably expected its conduct as described above and herein to have consequences in the state of Nebraska and to cause injury to Bucky's, both within the state of Nebraska, as well as other states in the United States.

11. Venue is proper before this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred or substantial part of property that is the subject to the action is situated in the District of Nebraska.

12. Bucky's has used the trademark BUCKY'S in connection with the operation of retail stores featuring convenience store items and gasoline throughout the states of Nebraska, Iowa, Missouri and Illinois, and is the owner of common law rights in and to the BUCKY'S trademark in those states.

13. Bucky's is the owner of United States Trademark Application Serial No. 76/653,211 for the trademark BUCKY'S filed with the United States Patent and Trademark Office on January 4, 2006, and published for opposition on February 13, 2007, for use on retail store services featuring convenience store items and gasoline. Bucky's is entitled to a registration from the United States Patent and Trademark Office with respect to the mark BUCKY'S for use on retail store services featuring convenience store items and gasoline.

14. Defendant filed United States Trademark Application Serial No. 78/853,252 for the trademark BUC-EE'S with the United States Patent and Trademark Office on April 4, 2006, for use on retail store services featuring convenience store items and gasoline.

15. On or about June 13, 2007, Defendant filed Opposition No. 91177801 with the Trademark Trial and Appeal Board of the United States Patent and Trademark Office, opposing Bucky's Trademark Application Serial No. 76/653,211. In its Notice of Opposition, Defendant falsely alleged that the federal registration sought by Bucky's will falsely suggest a connection between Bucky's and Defendant.

16. Bucky's had steadily expanded its use of the BUCKY'S trademark throughout the states of Nebraska, Iowa, Missouri and Illinois, and intends to expand its use of the BUCKY'S trademark to all states other than the state of Texas. Bucky's has immediate plans to expand its use of the BUCKY'S trademark into the states of Kansas and Florida.

17.     Upon information and belief, Bucky's first use of the BUCKY'S trademark predates Defendant's first use of the BUC-EE'S trademark.

18.     Upon information and belief, Defendant has never used the BUC-EE'S trademark outside a limited southern portion of the state of Texas.

19.     Upon information and belief, Defendant has falsely claimed that it intends to expand its use of the BUC-EE's trademark outside of the state of Texas.

20.     Upon information and belief, Defendant has falsely claimed that its purported rights in the BUC-EE'S trademark are superior to Bucky's rights in the BUCKY'S trademark.

21.     Upon information and belief, Defendant has falsely claimed that its purported rights in the BUC-EE'S trademark extend outside of the state of Texas.

22.     Upon information and belief, Defendant has falsely claimed that Bucky's rights in the BUCKY'S trademark are limited to geographic areas within Nebraska, Iowa, Missouri and Illinois.

23.     Upon information and belief, Defendant has falsely claimed that it owns all right, title and interest in and to the trademark BUC-EE'S in all geographic areas in which Bucky's had not used the BUCKY'S trademark prior to April 4, 2006, and has further claimed that Bucky's is therefore prohibited from expanding its use of the BUCKY'S trademark into those geographic areas.  Bucky's knew, or should have known, that this conduct is disruptive to the operation of Bucky's business both in the state of Nebraska and outside the state of Nebraska.  Defendant intentionally or recklessly embarked on a course of conduct that threatens Bucky's freedom to operate its business and to expand its business.

24. Upon information and belief, Defendant has falsely claimed that Bucky's cannot legally expand its use of the BUCKY'S trademark, and that any such expansion will infringe upon Defendant's purported rights in the BUC-EE'S trademark.

25. By virtue of Defendant's activities as stated herein, an uncertainty has been cast over Bucky's right to freely use its BUCKY'S trademark throughout the United States without interference from or threat of legal action by Defendant.

26. By virtue of Defendant's activities as stated herein, Bucky's has a reasonable apprehension that its expansion of the BUCKY'S trademark into new locations, including but not limited to its immediate plans to expand its use of the BUCKY'S trademark into the states of Kansas and Florida, will result in Defendant filing an infringement litigation against Bucky's.

27. Defendant's conduct as described above has caused harm to Bucky's in all states in which Bucky's currently conducts business under the BUCKY'S trademark, including the state of Nebraska, and in all states into which Bucky's intends to expand its business under the BUCKY'S trademark.

28. Upon information and belief, Defendant knew or should have known that its claims of superior trademark rights outside of the state of Texas were false, and Defendant knew or should have known that such false claims were likely to cause harm to Bucky's in all states in which Bucky's currently conducts business under the BUCKY'S trademark, including the state of Nebraska, and in all states into which Bucky's intends to expand its business under the BUCKY'S trademark.

## COUNT I
## COMMON LAW UNFAIR COMPETITION

29. Bucky's realleges and incorporates by reference the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Defendant's activities as stated herein constitute unfair competition in violation of the common law of the states of Nebraska, Iowa, Missouri, Illinois, Kansas and Florida.

31. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Bucky's business, reputation and goodwill in the industry. Bucky's has no adequate remedy at law.

## COUNT II
## NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICE ACT

32. Bucky's realleges and incorporates by reference the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Defendant's activities as stated herein constitute unlawful acts and practices in the conduct of its trade and business in violation of Neb. Stat. §§ 87-301 - 87-306.

34. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Bucky's business, reputation and goodwill in the industry. Bucky's has no adequate remedy at law.

## COUNT III
## DECLARATORY JUDGMENT

35. Bucky's realleges and incorporates by reference the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. An actual controversy exists between Bucky's and the Defendant regarding Bucky's right to register its BUCKY'S trademark with the United States Patent and Trademark Office.

37. An actual controversy exists between Bucky's and the Defendant regarding Bucky's right to freely use its BUCKY'S trademark throughout the United States without interference from or threat of legal action by Defendant.

38. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Bucky's business, reputation and goodwill in the industry. Bucky's has no adequate remedy at law.

WHEREFORE, Bucky's prays for judgment against Defendant as follows:

1. That the Court enter judgment against Defendant with respect to Bucky's claims of unfair competition and violation of the Nebraska Uniform Deceptive Trade Practices Act.

2. That the Court award Bucky's all damages sustained as a result of the foregoing.

3. That the Court enjoin Defendant from interfering with Bucky's use of the BUCKY'S trademark throughout the entire United States other than the state of Texas.

4. That the Court enjoin Defendant from using the BUC-EE'S trademark throughout the entire United States other than the state of Texas.

5. That the Court adjudge and decree that Defendant's rights in the trademark BUC-EE'S are limited to the state of Texas.

6. That the Court adjudge and decree that Bucky's is entitled to a federal registration of the BUCKY'S trademark for all of the United States other than the state of Texas.

7. That the Court award Bucky's its reasonable costs and attorneys' fees incurred in this action; and

8. That the Court award such other relief as it deems just and proper.

Dated this 2nd day of December, 2008.

                BUCK'S, INC., Plaintiff

                By:    s/ John P. Passarelli
                    John P. Passarelli #16018
                    Patrick C. Stephenson #19138
                    KUTAK ROCK LLP
                    The Omaha Building
                    1650 Farnam Street
                    Omaha, NE  68102-2186
                    (402) 346-6000
                    john.passarelli@kutakrock.com
                    patrick.stephenson@kutakrock.com

## PLACE OF TRIAL

Pursuant to NECivR 40.1(b), Bucky's hereby requests that trial of this case take place in Omaha, Nebraska.

                BUCK'S, INC., Plaintiff

                By:    s/ John P. Passarelli
                    John P. Passarelli #16018
                    Patrick C. Stephenson #19138
                    KUTAK ROCK LLP
                    The Omaha Building
                    1650 Farnam Street
                    Omaha, NE  68102-2186
                    (402) 346-6000
                    john.passarelli@kutakrock.com
                    patrick.stephenson@kutakrock.com